**STONE LAW GROUP, PLC**
Shawn L. Stone, Bar No. 23558
Mallory Powers, Bar No. 30384
3030 N. 3rd Street, Suite 200
Phoenix AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501
slstone@stonelawaz.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| ADAM BOONE, | Case No.: _____ |
| Plaintiff, | **VERIFIED COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ENTERPRISE RECOVERY SYSTEMS, INC., an Illinois corporation; DAVID DOE, | |
| Defendants. | |

Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This action arises under the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

Background On The Fair Debt Collection Practices Act

2. In enacting the Fair Debt Collection Practices Act in the 1970s (hereinafter "FDCPA"), the United States Congress made findings of fact that the use of abusive, deceptive, and unfair debt collection practices by many debt collectors were contributing to a number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual

privacy. *See* 15 U.S.C. 1692(a). Congress further found that existing laws and procedures for redressing these injuries are inadequate to protect consumers. *See* 15 U.S.C. 1692(b). Additionally, Congress found abusive debt collection practices were carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce. *See* 15 U.S.C. 1692(d). Congress stated its purpose in enacting the FDCPA was to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

<u>United States Bureau Of Consumer Financial Protection Finds Illegal Debt Collection Equally Harmful To Both Consumers and "Law Abiding" Debt Collectors</u>

3. In October of 2012, the United States Bureau of Consumer Financial Protection, or CFPB, made findings that debt collection is a multi-billion-dollar industry that directly affects a large number of consumers. The CFPB found that in 2012, approximately 30 million individuals, or 14 percent of American adults who have credit reports, had debt that was subject to the collections process. The CFPB further found that by the collection of consumer debt, collectors reduce creditors' losses from non-repayment and thereby help to keep credit accessible and more affordable to consumers. But, the CFPB found that debt collection performed in illegal ways has the potential to cause consumers substantial harm. If collectors falsely represent amounts owed, consumers may pay debts they do not owe simply to stop collection efforts or because they are unsure how much they owe. In addition, consumers may unintentionally yield their rights, such

as by waiving the statute of limitations on debt claims for which the relevant limit periods have expired. Whether or not consumers owe and are liable for the debts collectors are attempting to recover, unlawful collection practices can cause significant reputational damage, invade personal privacy, and inflict emotional distress. Among the possible consequences, a collector's inappropriate interference with a consumer's employment relationships can also impair the consumer's ability to repay debts. *See* Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

4. Of interesting note, the CFPB made findings that Federal consumer financial law promotes fair competition in the debt collection marketplace. To the extent that unfair, deceptive, or abusive practices increase collectors' rate of recovery on debts subject to collection, debt collectors that avoid such practices could be at a competitive disadvantage. By placing important parameters on debt collection activities, the FDCPA was meant in part to ensure that those that refrain from improper practices in debt collection are not thereby competitively disadvantaged. *See* Footnote 26 to Rules and Regulations of the Bureau of Consumer Financial Protection, Summary of the Final Rule. 12 CFR Part 1090.

## JURISDICTION & VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

7.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resided here at all-time relevant herein and Defendant corporation transacts business here.

## PARTIES

8.     Plaintiff, Adam Boone ("Boone"), is a natural person who, at all-times relevant herein, resided in the City of Phoenix, County of Maricopa, State of Arizona, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9.     Defendant, Enterprise Recovery Systems, Inc. ("ERS"), is an Illinois corporation authorized to operate and licensed to collect debts in the State of Arizona and is a debt collector operating domestically from an address of 7340 S. Kyrene Road, Suite 111, Tempe, AZ 8528 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10.    Defendant, David Doe (hereinafter "David"), is a natural person who was employed at all times relevant herein by Defendant ERS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.    Summer 2013, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, college tuition and fees owed to Arizona State University in the alleged amount of approximately $27,000.00.

12.    Sometime prior to May 2014, Plaintiff's alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff; thereafter, Plaintiff received collection communications from Defendants in an attempt to collect this debt.

### *Collection Communications*

13. Sometime after to May 2014, Defendants began contacting with Plaintiff in writing and by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. Defendant David misrepresented the debt by characterizing the debt as a student loan.

15. Defendant David told Plaintiff the original creditor would not release Plaintiff's college transcripts until Plaintiff's account was paid.

16. On January 22, 2015, Defendant David told Plaintiff by telephone the debt could not be discharged in bankruptcy.

17. All of the above-described communication made to Plaintiff by Defendant David, was made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), and 1692f, amongst others.

### *Respondeat Superior Liability*

18. The acts and omissions of Defendant David, was committed within the time and space limits of his agency relationship with his principal, ERS.

19. The acts and omissions by Defendant David was incidental to, or of the same general nature as, the responsibilities he was authorized to perform by ERS in collecting consumer debts.

20. By committing these acts and omissions against Plaintiff, Defendant David was motivated to benefit his principal, ERS.

21. ERS is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by Defendant David, including but not limited to violations of the FDCPA, in their attempts to collect this alleged debt from Plaintiff.

## TRIAL BY JURY

22. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

25. 15 U.S.C. 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person.

26. Defendants violated Section 1692d by making Plaintiff believe for nearly two years there was no way he could complete the last two semesters of college and obtain a college degree without satisfying the debt.

27. 15 U.S.C. 1692e prohibits a debt collector from making any other false, deceptive, or misleading representation or means in connection with the debt collection.

28. 15 U.S.C. 1692e(2) prohibits a debt collector from misrepresenting the character, amount, or legal status of an alleged debt.

29. 15 U.S.C. 1692e(10) prohibits a debt collector making any false representation or deceptive means to collect a debt.

30. 15 U.S.C. 1692f prohibits a debt collector making any false representation or deceptive means to collect a debt.

31. Defendants violated Sections 1692e, 1692e(2), 1692e(10) and 1692f by telling Plaintiff the alleged debt was the same as a student loan and therefore not dischargeable in bankruptcy.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

## **15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of no less than $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

DATED: May 27, 2015.

          STONE LAW GROUP, PLC

          / s / Shawn L. Stone

          _____

          By:    Shawn L. Stone
                   Attorney for Plaintiff

## **VERIFICATION OF COMPLAINT AND DECLARATION**

I, Adam Boone, declare under penalty of perjury that the following facts are true and correct to the best of my knowledge, information and belief:

1. I am the Plaintiff in this civil proceeding against Enterprise Recovery Systems, Inc., Geri Doe and David Doe.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I file this civil Complaint in good faith and solely for the purposes set forth in it.

Date: 5/18/15

Adam Boone